IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KURT KINGSLEY,**

    **Plaintiff,**

    v.                                                                                                 **CASE NO. 24-3193-JWL**

**UNITED STATES OF AMERICA,**
**et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner, brings this pro se civil rights action under 28 U.S.C. § 1331. Plaintiff is incarcerated at USP Marion in Marion, Illinois. The Court granted Plaintiff leave to proceed in forma pauperis. On December 19, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 5). The Court's screening standards are set forth in detail in the Court's MOSC.

Plaintiff alleges that on April 10, 2023, while in the custody of the U.S. Marshals, he was transported by Geo Transport, Inc., to the United States Courthouse in Kansas City, Kansas. (Doc. 1, at 2.) Plaintiff states that during transport, all detainees must wear leg shackles and cuffs strapped to a chain around their waist for security purposes. *Id*. As Plaintiff was led out of the van, he stepped onto the metal grated platform of the van and his chain on his legs lodged in between the cracks of the grated platform. *Id*. Plaintiff claims that as he pitched forward the transport officer did not hold onto Plaintiff and he "fell from over a foot off the ground and was not able to even try to break [his] fall due to [his] arm restraints." *Id*. at 3.

1

Plaintiff alleges that he suffered "significant physical bodily injury mainly [to his] right ribcage and neck and shoulder area," but he declined the offer to go to the hospital because he was there for his long-awaited sentencing date. *Id*. Plaintiff alleges that he heard one of the transport officers say to the other "I told them they need to replace those runners." *Id*.

Plaintiff alleges that after he was transported back to USP-Leavenworth, he sought help from staff. He was told by staff that he would receive x-rays and they recommended that he take ibuprofen and aspirin for the pain. *Id*. Plaintiff alleges that he was transferred within a few weeks and never received the x-rays. *Id*.

Plaintiff alleges that the U.S. Marshals had custody of him and used a private corporation to transport him. *Id*. at 4. Plaintiff alleges that he filed a tort claim with the U.S. Marshals on April 27, 2023. *Id*. at 6. Plaintiff names as defendants: United States of America; Geo Transport, Inc.; and (fnu) (lnu) Transport Officers with Geo Transport. Plaintiff seeks compensatory damages in the amount of $32,000. *Id*.

The Court found in the MOSC that Plaintiff appears to assert a claim under the Federal Torts Claim Act ("FTCA"). The Court found that Plaintiff has not shown that the transport officers were federal employees for purposes of a claim under the FTCA.

The Court found that a *Bivens*[1] remedy would also be unavailable against the company and its employees. *See Vallasenor v. GEO Group, Inc.*, 2014 WL 5293444, at *2 (D. Colo. 2014) ("Mr. Villasenor does not have a *Bivens* remedy against the GEO Group, Inc.") (citing *Correctional Serv. Corp. v. Malesko*, 534 U.S. 61 (2001) (holding that a *Bivens* claim is not available against a private corporation operating under a contract with the federal government)).

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

The Court also held in the MOSC that Plaintiff would not have a *Bivens* claim even if federal employees were involved.

Plaintiff has filed a response to the MOSC, stating that he "concedes to dismissing the United States of America as a Defendant," but maintains that GEO Transport and the transport officers should remain defendants due to their negligence. (Doc. 5, at 1–2.) Plaintiff alleges that GEO and its transport officers had a duty to replace the runners on the side of the van, operated the van in an unsafe condition, and were negligent in failing to provide "necessary assistance to Plaintiff as he was exiting the unsafe van . . .." *Id*. at 2. Plaintiff states that he is no longer bringing a FTCA claim, but rather brings his claims under 42 U.S.C. § 1983. *Id*.

Plaintiff's response fails to show good cause why his Complaint should not be dismissed for lack of jurisdiction. To the extent Plaintiff asserts a claim under 42 U.S.C. § 1983, his claim fails as a matter of law because the named defendants are not state actors. Plaintiff has not shown that any defendant was acting under color of state law as required under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Because Plaintiff's Complaint fails to sufficiently allege Defendants were acting under color of state law, this Court lacks jurisdiction over these Defendants under § 1983. *See Whitehead v. Marcantel*, 766 F. App'x 691, 700 (10th Cir. 2019) ("We conclude that the complaint failed to provide sufficient factual matter to allege that Keefe was a state actor; therefore, the federal courts lack jurisdiction over this claim."). Furthermore, claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege

a constitutional violation); *see also Vasquez v. Davis*, 882 F.3d 1270, 1277–78 (10th Cir. 2018) (deliberate indifference requires more than negligence) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

To the extent Plaintiff seeks to pursue a negligence claim against GEO Transport and its transport officers, he has failed to show that this Court has jurisdiction over such a claim. Federal courts are courts of limited jurisdiction, as "[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal district courts have "federal question jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

Likewise, federal district courts have "diversity jurisdiction" when the amount in controversy exceeds $75,000.00 and there is complete diversity among the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a). Plaintiff has not asserted that there is complete diversity, and his request for relief seeks $32,000 in compensatory damages. Therefore, this case is dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice** for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated January 28, 2025, in Kansas City, Kansas.

               **S/ John W. Lungstrum**
               **JOHN W. LUNGSTRUM**
               **UNITED STATES DISTRICT JUDGE**